**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON-3 DIVISIONAL OFFICE**

| | | |
|---|---|---|
| In Re: | * | |
| | * | |
| Derrick Lemonte Evans | * | CASE NO.: 25-02936-JAW |
| | * | |
| Debtor. | * | CHAPTER 13 |
| | * | |
| | * | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Comes now Ally Servicing LLC as servicer on behalf of Citrus Tree Finance LLC ("Creditor") by counsel, and objects to the confirmation as follows:

1. Creditor holds security interest in a 2016 BMW X5 4DR, VIN 5UXKR0C57G0P23164 ("Vehicle"). Copies of the Retail Installment Contract and Security Agreement (the "Contract") and Certificate of Title are attached hereto as Exhibits "A" and "B", respectively. Debtor proposed to pay the Creditor a value of $11,092.50, plus interest 10.00%.
2. This vehicle was purchased within the 910 days prior to the commencement of this case. Creditor should be paid its net balance owed of $18,646.81, plus interest. Further, Creditor should retain its lien until the Debtor receives a discharge or paid in full, whichever is earlier. The Debtor must provide and maintain physical damage insurance covering the vehicle as required by the security instruments covering same.
3. The Chapter 13 Plan does not comply with the provisions of the Bankruptcy Code and the Plan should not be confirmed.

**WHEREFORE** Ally Servicing LLC as servicer on behalf of Citrus Tree Finance LLC objects to confirmation as aforesaid; and Ally Servicing LLC as servicer on behalf of Citrus Tree Finance LLC requests such other relief to which it may be entitled in the premises.

**King & Spencer, PLLC**
**Attorney For Ally Servicing LLC as servicer on behalf of Citrus Tree Finance LLC**

**BY: /s/ Olivia Spencer**
Olivia Spencer MS BAR #104439
1855 Crane Ridge Drive, Suite D
Jackson, MS 39216
Telephone: 601-948-1547
spencer@kingandspencer.net

**CERTIFICATE OF SERVICE**

I, Olivia Spencer, do hereby certify that I have this day caused to be served, *via* CM/ECF and/or United States Postal Service, a true and correct copy of the above and foregoing document to:

Thomas Carl Rollins, Jr., Esq.
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
**ATTORNEY FOR DEBTOR**

Torri Parker Martin
200 North Congress Street, Ste. 400
Jackson, MS 39201
tpm@tpmartinch13.com
**TRUSTEE**

United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201
USTPRegion05.JA.ECF@usdoj.gov
**U.S. TRUSTEE**

Derrick Lemonte Evans
141 Pine Bay Dr
Jackson, MS 39206
**DEBTOR**

SO CERTIFIED this the 29th day of December 2025.

**/s/ Olivia Spencer**
Olivia Spencer

10/10/2015

# Retail Installment Contract and Security Agreement

**Seller Name and Address**
NEXT OWNER AUTOMOTIVE LLC
2405 SKYLAND BLVD E
TUSCALOOSA, AL 35405-4328

**Buyer(s) Name(s) and Address(es)**
DERRICK EVANS
141 PINE BAY DR
JACKSON, MS 39206

**Summary**
No. ______
Date 05/23/2023

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid when you have made all scheduled payments. | The total cost of your purchase on credit, including your down payment of $ 0.00 |
| 14.99 % | $ 11,076.65 | $ 25,934.95 | $ 37,011.60 | $ 37,011.60 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 60 | $ 616.86 | MONTHLY BEGINNING 6/23/23 |
| | $ | |
| | $ | |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the greater of 5% of the unpaid amount of the payment due or $18.00, with a maximum of $100.00.

**Prepayment.** If you pay off this Contract early, you

☐ may ☒ will not have to pay a penalty.
☐ may ☒ will not be entitled to a refund of part of the finance charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2016 | BMW | X5 | 4DR | 5UXKR0C57G0P23164 | 101831 |

☐ New
☒ Used
☐ Demo

Other:

## Description of Trade-In

N/A

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("Agreement") applies: ______________________ ______________________. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 25,934.95 plus finance charges accruing on the unpaid balance at the rate of 14.99 % per year from the date of this Contract until maturity. After maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at 14.99 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.



Exhibit A

☐ **Interest Surcharge Fee.** You agree to pay an interest surcharge fee of $ N/A that will be ☐ paid in cash. ☐ added to the Cash Price.

☐ **Processing Fee.** You agree to pay a processing fee of $ N/A that will be ☐ paid in cash. ☐ added to the Cash Price.

☐ **Account Maintenance Fee.** You agree to pay an account maintenance fee of ☐ $ N/A paid in cash. ☐ $ N/A per month payable monthly.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.

## Itemization of Amount Financed

| | | |
|---|---|---|
| a. | Price of Vehicle, etc. (incl. sales tax of $ 1,159.45) | $ 24,149.45 |
| b. | Service Contract, paid to: AUL | $ 1,570.00 |
| c. | **Cash Price** (a+b) | $ 25,719.45 |
| d. | Trade-in allowance | $ N/A |
| e. | Less: Amount owing, paid to (includes m): | $ N/A |
| f. | Net trade-in (d-e; if negative, enter $0 here and enter the amount on line m) | $ 0.00 |
| g. | Cash payment | $ N/A |
| h. | Manufacturer's rebate | $ N/A |
| i. | Deferred down payment | $ N/A |
| j. | Other down payment (describe) | $ N/A |
| k. | **Down Payment** (f+g+h+i+j) | $ 0.00 |
| l. | **Unpaid balance of Cash Price** (c-k) | $ 25,719.45 |
| m. | Financed trade-in balance (see line f) | $ N/A |
| n. | Paid to public officials, including filing fees | $ 16.50 |
| o. | Insurance premiums paid to insurance company(ies) | $ N/A |
| p. | To: Dlr Svc Fee | $ 199.00 |
| q. | To: | $ N/A |
| r. | To: | $ N/A |
| s. | To: | $ N/A |
| t. | To: | $ 0.00 |
| u. | To: | $ N/A |
| v. | To: | $ N/A |
| w. | To: | $ N/A |
| x. | To: | $ N/A |
| y. | To: | $ N/A |
| z. | **Total Other Charges/Amts Paid** (k thru y) | $ 215.50 |
| aa. | **Prepaid Finance Charge** | $ 0.00 |
| bb. | **Amount Financed** (l+z-aa) | $ 25,934.95 |

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**

☐ Single ☐ Joint ☒ None

Premium $ N/A Term ______

Insured ______

**Credit Disability**

☐ Single ☒ None

Premium $ N/A Term ______

Insured ______

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

N/A

By: DOB

N/A

By: DOB

N/A

By: DOB

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A. If you get insurance from or through us you will pay $ N/A for N/A of coverage.

This premium is calculated as follows:

☐ $ N/A Deductible, Collision Cov. $ N/A

☐ $ N/A Deductible, Comprehensive $ N/A

☐ Fire-Theft and Combined Additional Cov. $ N/A

☐ N/A $ N/A

**Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.**

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction, after we give you any notices the law requires and subject to other limitations established by law. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for N/A of coverage.







Exhibit A

## Additional Protections

**You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.**

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☒ **Service Contract**
Term 36 MONTHS OR 50,000 MILES
Price $ 1,570.00
Coverage REFER TO SERVICE CONTRACT

☐ **Gap Waiver or Gap Coverage**
Term N/A
Price $ N/A
Coverage

☐ N/A
Term N/A
Price $ N/A
Coverage

Derrick Evans (May 23, 2023 15:38 CDT) 05/23/23
By: DERRICK EVANS Date

N/A
By: Date

N/A
By: Date

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. See *Minimum Finance Charge* section. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law. If you have paid a refundable processing fee, interest surcharge or refundable account maintenance fee and you prepay this Contract, we will refund to you any amount required by law.

**Balloon Payment.** If any scheduled payment is more than one and one-half times as large as the average of all other regularly scheduled payments, you may refinance that payment when due without penalty. The terms we offer for that refinance must be as favorable as the original terms of this Contract. This right does not apply if your payment schedule is adjusted for seasonal or irregular income, or if the principal amount was payable in a single payment.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of not more than the greater of either $30.00 or an amount equal to the actual charge by the depository institution for the return of unpaid or dishonored instruments.

**Governing Law and Interpretation.** This Contract is governed by the law of Alabama and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

- You fail to perform any obligation that you have undertaken in this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. If the original amount financed is more than $300.00, you also agree to pay reasonable attorneys' fees not in excess of 15% of the unpaid debt after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when the Vehicle's original cash price is $1,000.00 or less or as otherwise prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.



Exhibit A

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following.

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** If the original amount financed, exclusive of the insurance charges, is $300.00 or more and the value of the Property is $300.00 or more, then you agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the *Payment* section until paid in full. If this insurance terminates early because you refinance, renew, or pay off the Contract before its maturity date, we will refund or give you credit for any insurance premium refund we receive from the insurance company.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Arbitration Provision

**PLEASE READ CAREFULLY! By agreeing to this Arbitration Provision you are giving up your right to go to court for claims and disputes arising from this Contract:**

- **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.**
- **YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.**
- **IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.**

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. *"Claim"* means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to: 1. the credit application; 2. the purchase of the Property; 3. the condition of the Property; 4. this Contract; 5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or 6. any related transaction, occurrence or relationship. This includes any Claim based on common or constitutional law, contract, tort, statute, regulation or other ground. To the extent allowed by law, the validity, scope and interpretation of this Arbitration Provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Instead, the Claim will be arbitrated on an individual basis and not on a class or representative basis.

The party electing arbitration may choose either of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 (www.adr.org) or JAMS, 1920 Main Street, Suite 300 Irvine, CA 92614 (www.jamsadr.com), or it may choose any other reputable arbitration organization and its rules to conduct the arbitration, subject to the other party's approval. The parties can get a copy of the organization's rules by contacting it or visiting its website. If the chosen arbitration organization's rules conflict with this Arbitration Provision, the terms of this Arbitration Provision will govern the Claim. However, to address a conflict with the selected arbitration organization's rules, the parties may agree to change the terms of this Arbitration Provision by written amendment signed by the parties. If the parties are not able to find or agree upon an arbitration organization that is willing and able to handle the arbitration, then the arbitrator will be selected pursuant to 9 U.S. Code Sections 5 and 6.

The arbitration hearing will be conducted in the federal district where you reside unless you and we otherwise agree. Or, if you and we agree, the arbitration hearing can be by telephone or other electronic communication. The arbitration filing fee, arbitrator's compensation and other arbitration costs will be paid in the amounts and by the parties according to the rules of the chosen arbitration organization. Some arbitration organizations' rules require us to pay most or all of these amounts. If the rules of the arbitration organization do not specify how fees must be allocated, we will pay the filing fee, arbitrator's compensation, and other arbitration costs up to $5,000, unless the law requires us to pay more. Each party is responsible for the fees of its own attorneys, witnesses, and any related costs, if any, that it incurs to prepare and present its Claim or response. In limited circumstances, the arbitrator may have the authority to award payment of certain arbitration costs or fees to a party, but only if the law and arbitration organization rules allow it.

An arbitrator must be a lawyer with at least ten (10) years of experience and familiar with consumer credit law or a retired state or federal court judge. The arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding subject only to any right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S. Code Sections 1, et seq. Any court having jurisdiction can enforce a final arbitration award. You and we agree that this Arbitration Provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.



Exhibit A

You or we can do the following without giving up the right to require arbitration; seek remedies in small claims court for Claims within the small claims court's jurisdiction, or seek judicial provisional remedies. If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This Arbitration Provision survives any (i) termination, payoff, assignment or transfer of this Contract; (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this Arbitration Provision is deemed or found to be unenforceable for any reason, the remainder of this Arbitration Provision will remain in full force and effect. The one exception is that if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis, then this Arbitration Provision will be unenforceable in its entirety.

**PROCESS TO REJECT THIS ARBITRATION PROVISION.** You may reconsider and reject your approval of this Arbitration Provision by sending a written notice to the Assignee (identified in the Assignment section) or if there is no Assignee, then to Seller. The notice must be postmarked within 30 days of the date you signed this Contract. It simply needs to state your decision to reject the Arbitration Provision in this Contract and include your signature. It must also provide your name, Seller's name and the date of this Contract. **Rejecting this Arbitration Provision will NOT affect the terms under which we will finance and sell the Property to you or any other terms of this Contract, except that the Arbitration Provision will not apply.**

**CAUTION: It is important that you read this Arbitration Provision thoroughly before you sign this Contract. By signing this Contract, you acknowledge that you read, understand and agree to this Arbitration Provision. If you do not understand this Arbitration Provision, do not sign this Contract; instead ask your lawyer. If you approve this Arbitration Provision, you have an additional 30 days after signing to reconsider and reject your approval, as described above. If you use that process to reject, this Arbitration Provision will not be a part of this Contract, but the rest of this Contract will still be binding and effective.**

## *Notices*

**Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Si compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

*[This area intentionally left blank.]*

## *Third Party Agreement*

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, "*you*" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

N/A

By: ______________________ Date

Signature of Third Party Owner (NOT the Buyer)

*[This area intentionally left blank.]*







Exhibit A

## Arbitration Provision and Process to Remove

This Contract contains an Arbitration Provision that **effects your rights**. By signing this Contract, you agree that either of us may request and require the other to resolve disputes or claims through arbitration instead of a lawsuit. The Arbitration Provision includes a process you can follow in the next 30 days if you reconsider and want to reject the Arbitration Provision.

**By initialing this section, you confirm that you read, understand and agree to the Arbitration Provision in this Contract, including the process to reject it.**

Buyer initials: DE DE ______ ______ ______

## Acknowledgment for Electronic Signatures

☐ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.***

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

Derrick Evans (May 23, 2023 15:35 CDT) 05/23/23
By: DERRICK EVANS Date

N/A
By: Date

N/A
By: Date

*(This area intentionally left blank.)*

**Notice to Buyer.** (1) Do not sign this Contract before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

Buyer

Derrick Evans (May 23, 2023 15:35 CDT) 05/23/23
By: DERRICK EVANS Date

N/A
By: Date

N/A
By: Date

Seller NEXT OWNER AUTOMOTIVE LLC

05/23/23
By: Date

**Assignment.** This Contract and Security Agreement is assigned to
Ally Bank
PO Box 8101 COCKEYSVILLE, MD 21030
the Assignee, phone ______________. This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
☐ This Assignment is made with recourse.

Seller NEXT OWNER AUTOMOTIVE LLC

5/23/23
By: Date



Exhibit A

# CERTIFICATE OF TITLE

## STATE OF MISSISSIPPI

**ORIGINAL**

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E.G. UNIT #) |
|---|---|---|---|---|---|---|
| 5UXKR0C57G0P23164 | BMW | 2016 | X5 | UV | MS1156269312 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL | NEW/USED | TYPE OF VEHICLE | ODOMETER - NO TENTHS |
|---|---|---|---|---|---|
| 08/18/2023 | | 6 | USED | PC | 101831 ACTUAL |

**OWNER(S)**

EVANS, DERRICK
141 PINE BAY DR
JACKSON MS 39206-3267

**BRANDS**

**BENEFICIARY**

**1ST LIENHOLDER**

ALLY BANK
PO BOX 8101
COCKEYSVILLE MD 21030-8101

**DATE:** 05/23/2023

**2ND LIENHOLDER**

**DATE:**

**MAIL TO**

ALLY BANK
PO BOX 8101
COCKEYSVILLE MD 21030-8101



LIEN SATISFACTION: THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF.

1ST LIEN ______________________ (LIENHOLDER) BY ______________________ (SIGNATURE AND TITLE)

THIS __________ DAY OF __________ 20______

2ND LIEN ______________________ (LIENHOLDER) BY ______________________ (SIGNATURE AND TITLE)

THIS __________ DAY OF __________ 20______

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS

THE 18TH DAY OF AUGUST 20 23

The Mississippi Department of Revenue hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1, Mississippi Code of 1972, and subject to the provisions thereof.

CONTROL NUMBER

MISSISSIPPI DEPARTMENT OF REVENUE

VOID IF ALTERED

Exhibit B